SPIRO *v.* SHAPLEIGH HARDWARE CO.

(Division A. Dec. 10, 1928.)

[119 So. 206. No. 27049.]

*Victor W. Gilbert* and *Jacobson & Brooks,* for appellant.

*George B. Neville,* for appellee.

SMITH, C. J.  A judgment having been rendered in the court below for the appellee in the sum of thirteen thousand five hundred fifty-five dollars and twenty-eight cents, the appellant brought the case to this court where it was affirmed on a former day of the present term.

The clerk of this court construed the bond to be one covering costs in this court only, and entered judgment accordingly.

The appellee has filed a motion alleging that the bond was one for *supersedeas,* and requesting that the judgment be corrected so as to include a judgment against the sureties on the appeal bond for the amount of the judgment rendered in the court below, to the extent of the penalty in the bond which is less than the amount of that judgment.

Section 49, Code of 1906 (section 24, Hemingway's 1927 Code), provides that an appeal, without *supersedeas,* can be taken from a final judgment on the giving

of a bond therefor, "in the penalty of five hundred dollars, conditioned for the payment of all the costs of appeal in case the judgment or decree be affirmed as to such appellant." Section 50, Code of 1906 (section 25, Hemingway's 1927 Code), provides that, where the appellant desires a *supersedeas*, he shall give a bond "in a penalty double the amount of the decree or judgment appealed from, . . . conditioned that the appellant will satisfy the judgment or decree complained of, and also such final judgment as may be made in the cause, and all costs, if the same be affirmed."

The penalty of the bond here given is seven hundred fifty dollars, and its condition is that the litigants therein "shall pay and satisfy the judgment of the supreme court and all costs of said appeal and of the court below in case the judgment be affirmed."

It is clear that the bond was not intended by the litigants to operate as a *supersedeas;* but the question, of course, is, Must it be construed to have so operated?

In order for a bond to operate as a *supersedeas,* one of its conditions must be "that the appellant will satisfy the judgment or decree complained of." This essential condition is here lacking. It is true that the custom in this court is, when affirming a money judgment or decree, to award the appellee a recovery for the amount thereof, together with interest thereon, and damages as allowed by section 4926, Code of 1906 (section 3407, Hemingway's 1927 Code); but the bringing forward into the judgment of this court the judgment of the court below breathes no new life into that judgment, and it is thereafter enforced as a judgment of the court below.

The judgment entered by the clerk here is correct, and the motion will be overruled.

*Motion overruled.*